CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
March 31, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
         DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DONALD WAYNE BARKSDALE,** | ) |
| Plaintiff, | ) Case No. 7:24CV00236 |
| v. | ) **MEMORANDUM OPINION** |
| **VIRGINIA PAROLE BOARD,** | ) By Robert S. Ballou |
| Defendant. | ) United States District Judge |

Plaintiff Donald Wayne Barksdale a Virginia inmate proceeding pro se, has filed this civil rights action under 42 U.S.C. § 1983 against the Virginia Parole Board ("the Board"). After review of the Complaint, I conclude that the lawsuit must be summarily dismissed as frivolous.

Liberally construed, Barksdale's Complaint complains that when he was housed in the Danville City Jail ("jail"), he could not get a § 1983 form or buy a dictionary.[1] His stated claim in the case, however, is "False Imprisonment and constructive fraud that infringes" upon his rights. Compl. 2, ECF No. 1. He asserts that fraud is clear from an attached exhibit and that the Code of Virginia "is for artificial beings (corporation) not live living flesh and blood beings—unless [they] consent.[2] This non-disclosure (of a material fact) is constructive fraud." *Id.* As relief, Barksdale demands that the Board release him confinement and from the parole violation warrant pending against him, because it is "an unlawful restraint (contract)," "deprives" him of rights, and "subjects him to the essences of slavery." *Id.* at 3. Barksdale's submissions have the hallmarks of and

---

[1] Since filing the lawsuit, Barksdale has been transferred to several state prison facilities and is apparently currently confined at River North Correctional Center.

[2] The attachments Barksdale references include the results of a parole hearing in October 2023, when the fact finder determined probable cause to refer the warrant to the Board; the warrant charged him with possession of a firearm as a convicted felon, in violation of the conditions of his release and Virginia law.

contain rhetoric grounded in "sovereign citizen" theory, which has been repeatedly rejected as frivolous by this court and others across the country. *See, e.g., Rosser v. Carson*, No. 7:19CV00156, 2019 WL 1474009, at *2 (W.D. Va. April 3, 2019) (and cases cited therein) and *Gaskins v. South Carolina*, No. 2:15-cv-2589 DCN, 2015 WL 6464440, at *4 (D. S.C. Oct. 26, 2015). In several subsequent submissions and motions, Barksdale makes similar, nonsensical assertions that civil law concepts should entitle him to release from jail or to monetary damages. In one document, he states, "I am also the Truth (Divine Energy) (God)," and warns "Divine Punishment (Judgement) is upon this Court." Letter, ECF No. 9-3.

The court must dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). A "frivolous" claim is one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)).

My statutory authority to summarily dismiss frivolous complaints includes "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless" or which describe "fantastic or delusional scenarios." *Id.* at 327-28. Barksdale's attempts, in his Complaint and subsequent motions and other submissions, to use civil law concepts to terminate his confinement for violations of his conditional release or be compensated for it fall squarely into this class of claims. Accordingly, I will summarily dismiss the action under § 1915A(b)(1) as frivolous.

A separate Final Order will be entered herewith.

                Enter: March 31, 2025

                /s/ Robert S. Ballou

                Robert S. Ballou
                United States District Judge